**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

AUG 3 2026

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 25-2236 |
| Plaintiff - Appellee, | D.C. No. 4:23-cr-00073-JST-1 |
| v. | |
| JAVIER ANTONIO RAMIREZ, | MEMORANDUM* |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Northern District of California
Jon S. Tigar, District Judge, Presiding

Submitted July 29, 2026**

Before:    McKEOWN, TALLMAN, and MENDOZA, JR., Circuit Judges.

Javier Antonio Ramirez appeals from the district court's judgment and

challenges the guilty-plea conviction and concurrent 240-month and 216-month

sentences for coercion and enticement of a minor and receipt of child pornography,

respectively, in violation of 18 U.S.C. §§ 2422(b) and 2252(a)(2).

---

    *    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

    **    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Ramirez's counsel filed a brief under *Anders v. California*, 386 U.S. 738 (1967), stating that there are no non-frivolous arguments for appeal. Ramirez has not filed a pro se supplemental brief.

In the plea agreement, Ramirez waived the right to appeal the conviction and sentence. Our independent review of the record, *see Penson v. Ohio*, 488 U.S. 75, 80 (1988), discloses no non-frivolous issue as to whether the appeal waiver is enforceable, except as to the restitution order, for which no reasonably accurate estimate was provided in the plea agreement. *See United States v. Tsosie*, 639 F.3d 1213, 1217-18 (9th Cir. 2011). Because the record discloses no basis to challenge the restitution award, we affirm as to that issue. We otherwise dismiss in light of the valid appeal waiver. *See United States v. Watson*, 582 F.3d 974, 986-88 (9th Cir. 2009).

Counsel's motion to withdraw is granted.

**AFFIRMED in part; DISMISSED in part.**